UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALI SAAD,

        Petitioner,          Case Number: 06-CV-15487

v.          HONORABLE GERALD E. ROSEN

FEDERAL BUREAU OF PRISONS,

        Respondent.
_____/

**ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE**

Petitioner Ali Saad has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, who is incarcerated at the Federal Correctional Institution in Milan, Michigan (FCI-Milan), challenges the Federal Bureau of Prisons' (BOP) determination that he is ineligible for the residential drug abuse treatment program (RDAP). The Court shall summarily dismiss the petition without prejudice.

I.    Facts

Petitioner was convicted in the United States District Court for the Northern District of California of conspiracy to distribute pseudoephedrine and money laundering. On January 20, 2005, Petitioner was sentenced to 120 months imprisonment and, according to Petitioner, the judge issued a recommendation that Petitioner be enrolled in the RDAP.

II.    Analysis

Petitioner claims that when he first sought enrollment in the RDAP, officials at FCI-Milan informed him that he would be eligible to participate in the program when he was 36 months away from his projected release date. Petitioner states that he is now 37-months from his

projected release date and that he has been informed that he will be transferred to a private institution which does not offer RDAP.

Generally, a federal habeas corpus petitioner must exhaust administrative remedies before seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.  Little v. Hopkins, 638 F.2d 953, 954 (6th Cir. 1981); see also Watts v. Bogan, 1995 WL 108993, *1 (6th Cir. March 14, 1995).  The petitioner bears the burden of establishing exhaustion.  Prather v. Rees, 822 F.2d 1418, 1420, n.3 (6th Cir. 1987).  In this case, Petitioner has not demonstrated exhaustion.  Petitioner has not shown that he has exhausted his claim challenging his eligibility for placement in the RDAP by filing an appropriate complaint with the BOP and by pursuing his appellate rights within the BOP before proceeding in federal court.  See, e.g., Bailey v. Hemingway, No. 01-72188, 2001 WL 1525269, *2 (E.D. Mich. Aug. 9, 2001) (listing available remedies).

III.    Conclusion

The Court concludes that Petitioner has not fully exhausted his administrative remedies.  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus.  Given this determination, the Court also **DENIES** Petitioner's Motion for Preliminary Injunction.

**SO ORDERED.**

/s/ GERALD E. ROSEN  
GERALD E. ROSEN  
UNITED STATES DISTRICT JUDGE

Dated: December 29, 2006

I hereby certify that a copy of the foregoing document was served upon Ali Saad # 30349-039, FCI Milan, P.O. Box 1000, Milan, MI 48160 on December 29, 2006, by electronic and/or ordinary mail.

                                   s/Kendra Byrd
                                   Case Manager